CATHERINE KLINE et al., appellants,

*v.*

MARTHA ALLEGAIR, respondent.

A witness produced his certificate of ordination as a minister of a well-known religious sect, dated April, 1844, and testified that from 1844 to the present time he had officiated either as sole or associate pastor of a church of his denomination; and that he had performed the ceremony at the marriage of the respondent with her husband, now deceased, in 1854, at the house of respondent's father, in this state.—*Held*, that this was sufficient proof that under the circumstances his qualification, and the due solemnization of the marriage would be presumed.

Appeal from an order of distribution made by the orphans court of Hunterdon county.

*Mr. J. Schomp,* for appellants.

*Mr. R. S. Kuhl,* for respondent.

THE ORDINARY.

The sole question discussed on the hearing of this appeal was whether the respondent was the widow of the intestate. The appellants deny that she was ever lawfully married to him. Leaving out of view her own testimony on the subject, the marriage is established by the testimony of Rev. John P. Moore, who testifies that he was acquainted with both of the parties, and that he solemnized the marriage about the middle of May, 1854, at the house of the respondent's father, in Delaware township, in Hunterdon county, in this state; that at that time he was an ordained minister of the Gospel of the German Baptist Church (the sect known as Dunkers), and he produces his certificate of ordination, dated April 13th, 1844, which certifies that he had at that date been duly elected and ordained to " administer church ordinances and marriages." He testifies that in 1854, the year

in which the marriage was solemnized, he was pastor of a church, and that from 1844 to the present time he has been either sole pastor or associate pastor of a church. It is urged, on behalf of the appellants, that there is not sufficient proof that he was qualified to solemnize marriages in this state. But there is nothing in the evidence to show that he was not qualified. The presumption, under the circumstances, is that he was duly qualified to solemnize the marriage, and that the marriage was duly solemnized. *2 Bish. on Mar. & Div.* §§ *457, 495.*

The order appealed from will be affirmed, with costs to be paid by the appellants.